UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SCOTT RICHARD GAGNON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    1:15-cv-00355-JDL |
| | ) |
| JOSEPH FITZPATRICK, et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Scott Richard Gagnon alleges that Defendants violated his "constitutional rights to be free from sexual harassment and discrimination by words." (Complaint at 6, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis, which application the Court granted. (ECF No. 3.) Because Plaintiff is proceeding in forma pauperis and because Plaintiff, an inmate at the Maine State Prison, is seeking to recover damages from governmental officers, Plaintiff's complaint is subject to a preliminary review in accordance with 28 U.S.C. §§ 1915 and 1915A. Following the review, I recommend that the Court dismiss Plaintiff's complaint without service of process.

**STANDARD OF REVIEW**

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*,

490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308 (1989) ("Section 1915(d) … authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers.  *See* 28 U.S.C. § 1915A(a), (c).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14 (2007)).  Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young*

2

*v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).  *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

### FACTUAL BACKGROUND

The facts set forth herein are derived from the factual allegations in Plaintiff's complaint, which facts are deemed true when evaluating whether Plaintiff has stated a claim.[1]  *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).  Plaintiff alleges that when a corrections officer questioned why Plaintiff wanted to enter another inmate's cell, he used vulgar language and suggested that Plaintiff wanted to engage in a sexual act with the other inmate.  According to Plaintiff, the words of the corrections officer, and the failure of other Defendants to report or sanction the misconduct, constitute sexual harassment, discrimination, cruel and unusual punishment, and the denial of due process; he also contends that Defendants' actions violated prison policy and the Prison Rape Elimination Act.  (Complaint at 6 – 7.)

### DISCUSSION

The federal civil rights statute, 42 U.S.C. § 1983, states in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 "creates a private right of action through which plaintiffs may recover against state actors for constitutional violations."  *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013).

---

[1] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate.  The alleged facts are recited in the context of the standard of review for a motion to dismiss.

3

Section 1983 does not confer any substantive rights, but simply provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

Verbal harassment alone does not rise to the level of a constitutional injury. *See Brown v. Deparlos*, 492 Fed. App'x 211, 215 (3d Cir. 2012) (unpublished) (considering eighth amendment claim); *Jones v. Porter*, 211 F.3d 1269, 2000 WL 572059, at *2 (6th Cir. 2000) (unpublished table decision) (considering equal protection claim). The statement upon which Plaintiff relies, while offensive, constitutes verbal harassment and cannot support a constitutional claim.[2]

Plaintiff has also failed to state a claim under the Prison Rape Elimination Act. The Prison Rape Elimination Act "does not grant prisoners any specific rights." *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008).

> The Prison Rape Elimination Act of 2003 ("PREA"), was enacted to address the problem of rape in prison by creating a commission to study the issue and to develop national standards for the detection, prevention, reduction and punishment of prison rape. 42 U.S.C. § 15601. Nothing in the statute suggests that PREA intended to establish a private cause of action for allegations of prison rape, and every court to address the issue has determined that PREA cannot support such a cause of action by an inmate.

*Amaker v. Fischer*, No. 1:10-cv-00977, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014) (collecting cases). Because PREA does not establish a private cause of action, Plaintiff has not and cannot state a claim based on an alleged violation of PREA.

Finally, to the extent that Plaintiff asserts that the alleged harassment and the failure to address the conduct properly violated prison policy, Plaintiff does not allege a constitutional claim or any other federal claim. Instead, any claim based on the alleged violation of a policy of the

---

[2] This Court has adopted or affirmed recommended decisions based on this principle on at least two prior occasions. *Fortin v. Cox*, No. 1:14-cv-00223-GZS, 2015 WL 773403, at *2 (D. Me. Feb. 24, 2015) (mag. j. screening recommendation affirmed on de novo review); *Cote v. Barnhart*, No. 1:12-cv-00081-NT, 2012 WL 1038918, at *2 (D. Me. Oct. 23, 2012) (same).

4

prison, if actionable, would arise under state law. The claim thus is not within this Court's original jurisdiction, and should be dismissed. *See* 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim … if … the district court has dismissed all claims over which it has original jurisdiction.")

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court dismiss Plaintiff's complaint without service of process.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of November, 2015.